UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES TERRY, III, | ) 1:09CV1873 |
| | ) |
| Petitioner, | ) |
| | ) JUDGE JAMES GWIN |
| v. | ) (Mag. Judge Kenneth S. McHargh) |
| | ) |
| MARGARET BRADSHAW, | ) |
| Warden, | ) |
| | ) |
| Respondent | ) REPORT AND |
| | ) <u>RECOMMENDATION</u> |

McHARGH, MAG. J.

The petitioner James Terry III ("Terry") has filed a petition for a writ of habeas corpus through counsel, arising out of his 2008 convictions for drug trafficking and drug possession, in the Cuyahoga County (Ohio) Court of Common Pleas. In his petition, Terry raises two grounds for relief:

1. Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

2. Conviction obtained by use of evidence gained pursuant to an unlawful arrest.

(Doc. 1, § 12.)

I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural background:

>On April 20, 2007, Mr. Terry pled not guilty to a four-count indictment that included one count of possession of drugs, two counts of drug trafficking, and one count of possession of criminal tools.
>
>On September 19, 2007, Mr. Terry filed a motion to suppress, to which the State timely responded. [Doc. 9, RX 3-4.]
>
>On January 18, 2008, the court held the suppression hearing. Closing arguments on the motion were held on January 28, 2008.
>
>On February 5, 2008, the court denied Mr. Terry's motion to suppress and placed its findings of fact and conclusions of law on the record. [Doc. 9, RX 5.]
>
>On April 29, 2008, the case proceeded to jury trial.
>
>On May 1, 2008, Mr. Terry was found guilty of possession of drugs, guilty of drug trafficking, not guilty of possession of criminal tools, and not guilty of the remaining count of drug trafficking.
>
>On May 21, 2008, Mr. Terry was sentenced to five years in prison.

(Doc. 9, RX 11, at 1; State v. Terry, No. 91501, 2009 WL 942831, at *1.)

Terry filed a timely direct appeal, and set forth a single assignment of error: "The trial court abused its discretion in denying Mr. Terry's suppression motion." (Doc. 9, RX 9.) He argued that the police did not have reasonable suspicion or probable cause to stop and arrest him, and that the search of his car was per se unreasonable because it was conducted without a warrant.

The court of appeals overruled his assignment of error, and confirmed his conviction. (Doc. 9, RX 11; Terry, 2009 WL 942831, at *4.) The court subsequently denied his motion for reconsideration. (Doc. 9, RX 12, 13.)

2

Terry next filed an appeal to the Supreme Court of Ohio, submitting a single proposition of law:

> The Eighth District Court of Appeals abused its discretion in denying appellant's appeal of his suppression motion and trial court judgment under the Fourth and Fourteenth Amendment of the United States Constitution.

(Doc. 9, RX 15.)

On July 29, 2009, the Supreme Court of Ohio denied leave to appeal and dismissed the case because it did not involve any substantial constitutional question.  (Doc. 9, RX 17; State v. Terry, 122 Ohio St.3d 1482, 910 N.E.2d 480 (2009).)

Terry filed a timely petition for a writ of habeas corpus in this court.

## HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal

> law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Jones has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993)

(strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

ALLEGED FOURTH AMENDMENT VIOLATIONS

The two grounds of Terry's petition both involve alleged Fourth Amendment violations. The respondent argues that the grounds of the petition, based on Fourth Amendment violations, are not cognizable in federal habeas. (Doc. 9, at 4-5.)

The United States Supreme Court held in Stone v. Powell that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Abdul-Mateen v. Hofbauer, 215 F.3d 1325, 2000 WL 687653, at *3 (6th Cir. 2000) (TABLE, text in WESTLAW), cert. denied, 531 U.S. 933 (2000) (quoting Stone v. Powell, 428 U.S. 465, 494 (1976)); Moore v. Wilson, No. 5:07CV0537, 2008 WL 3852141, at *3 (N.D. Ohio Aug. 18, 2008). Although Stone predates the AEDPA, it continues to govern Fourth Amendment habeas claims. Smith v. Bradshaw, No. 5:04CV1235, 2006 WL 2233211, at *4 (N.D. Ohio Aug. 3, 2006).

In applying Stone, the district court considers two factors. Riley v. Gray, 674 F.2d 522, 526 (6th Cir.), cert. denied, 459 U.S. 948 (1982). First, does the state provide a procedure which gives the petitioner an opportunity to raise a Fourth

5

Amendment claim? The Sixth Circuit has ruled the Ohio's procedures are adequate in this regard. Riley, 674 F.2d at 526; Smith, 2006 WL 2233211, at *4; Moore, 2008 WL 3852141, at *7 (citing Riley).

The second factor is whether presentation of the Fourth Amendment claim was frustrated because of a failure to the state's procedures. Riley, 674 F.2d at 526; Smith, 2006 WL 2233211, at *3. Here, Terry was able to fully and fairly litigate his claim. He filed a motion to suppress, had a hearing on that motion, and had recourse to appellate review. (Doc. 9, RX 3, 5, 9, 11.) See Riley, 674 F.2d at 526.

Terry argues that he did not receive a full and fair hearing, because the state supreme court declined to hear his appeal. (Doc. 10, at 4-5.)

The U.S. Supreme Court has long held that the Constitution does not require states to grant appeals as of right to criminal defendants alleging errors in the trial court. Evitts v. Lucey, 469 U.S. 387, 393 (1985) (citing McKane v. Durston, 153 U.S. 684 (1894)); Dvorak v. Walker, 194 F.3d 1312, 1999 WL 1023978, at *2 (6th Cir. 1999) (TABLE, text in WESTLAW) (citing Evitts).

As mentioned earlier, the Sixth Circuit has found that the State of Ohio provides adequate procedures for the resolution of Fourth Amendment claims. Riley, 674 F.2d at 526. However, that procedure does not extend to discretionary review by the state high court:

> Ohio provides an adequate procedural mechanism for the litigation of Fourth Amendment claims in the form of a pretrial motion to suppress pursuant to Ohio R.Crim. P. 12, and a direct appeal as of right from an order denying a motion to suppress pursuant to Ohio R.App. P. 3 and

6

> 5. Discretionary review by the Supreme Court of Ohio is not an additional requirement for ensuring full and fair litigation of a Fourth Amendment claim in Ohio.

Massey v. Warden, London Correctional Inst., No. 1:08CV514, 2009 WL 5205360, at *4 (S.D. Ohio Dec. 24, 2009).  See, e.g., Smith, 2006 WL 2233211, at *4, *7 (finding procedure adequate although state supreme court dismissed appeal).

Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, federal habeas corpus relief may not be granted.  Stone, 428 U.S. at 494; Abdul-Mateen, 2000 WL 687653, at *3; Riley, 674 F.2d at 526.  Terry has received a full and fair review, thus he is not eligible for habeas relief on his Fourth Amendment claims.

Terry has failed to establish that the state court decisions were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  The petition for a writ of habeas corpus should be denied.

RECOMMENDATION

The petition for a writ of habeas corpus should be DENIED.


Dated:   Jan. 10, 2011                  /s/ Kenneth S. McHargh
                                                      Kenneth S. McHargh
                                                      United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).