UNITED STATES DISTRICT COURT
NONTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
JAMES TERRY III,                                :
                                                :     CASE NO. 1:09-CV-1873
            Petitioner,                         :
                                                :
vs.                                             :     OPINION & ORDER
                                                :     [Resolving Docs. Nos. 1, 12, 13]
MARGARET BRADSHAW, Warden,                      :
                                                :
            Respondent.                         :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner James Terry III files a habeas petition in this Court under 28 U.S.C. § 2254 to vacate his state court conviction. In his petition, Terry argues that the trial court improperly denied his motion to suppress evidence allegedly obtained in violation of the Fourth Amendment's prohibition on illegal search and seizures. [Doc. 1.]

Upon referral, Magistrate Judge McHargh recommends that the Court deny the petition because "Terry has received a full and fair review [in the state court, and] thus he is not eligible for habeas relief on his Fourth Amendment claims." [Doc. 12 at 7.] Terry objects and asks for an evidentiary hearing, arguing that the "state court did not carefully and thoroughly address" his suppression claims.[1] [Doc. 13 at 2.]

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground

---

[1] The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C).

-1-

Case No. 1:09-CV-1873
Gwin, J.

that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (internal citation omitted). A two-part inquiry resolves whether or not *Stone v. Powell* precludes federal habeas review of a Fourth Amendment claim. First, the "'court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a Fourth Amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.'" *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982)).

In the abstract, Ohio provides an adequate procedural mechanism for the litigation of Fourth Amendment claims in the form of a pretrial motion to suppress pursuant to Ohio Rule of Criminal Procedure 12 and a direct appeal as of right pursuant to Ohio Rules of Appellate Procedure 3 and 5. Therefore, under the first inquiry, Ohio's mechanism for the resolution of Fourth Amendment claims is adequate. *Riley*, 674 F.2d at 526; *Hillman v. Beightler*, No. 5:09-CV-2538, 2010 WL 2232640, at *2 (N.D. Ohio 2010).

Accordingly, the Court's focus shifts to whether presentation of the Fourth Amendment argument was frustrated because of a failure in the procedural mechanism to allow for the opportunity for full and fair litigation of the suppression claim. In this case, the record reflects that Petitioner Terry was able to present his Fourth Amendment claims to the Ohio courts and that these claims were carefully considered and rejected at the trial level and on appeal. Terry may be disappointed with his inability to persuade the Ohio courts that the evidence used to convict him was the product of an illegal search and seizure, but the record shows that he received all the process he was due. Before his trial, Terry's counsel filed a motion to suppress, submitted a six-page brief in

Case No. 1:09-CV-1873
Gwin, J.

support, and requested a hearing. [Doc. 9-1 at 3.] In response, Ohio provided a hearing. At the suppression hearing, Terry was represented by counsel who cross-examined each witness called by the prosecution. [Doc. 9-1 at 51.] After the hearing and closing arguments, the trial court denied Terry's motion and placed its findings on the record in a clear and cogent written opinion. [Doc. 9-1 at 13-16.]

Terry then, through counsel, appealed the decision to the Ohio Court of Appeals, which carefully considered and rejected his Fourth Amendment claim. *See State v. Terry*, No. 91501, 2009 WL 942831, at *1 (Ohio Ct. App. Apr. 9, 2009). The Supreme Court of Ohio later denied Terry leave to appeal. *State v. Terry*, 910 N.E.2d 480 (Ohio 2009) (table).

In light of these full and fair proceedings in the Ohio courts, Terry has not shown a failure of Ohio's procedural mechanism or that such a failure prevented him from litigating his Fourth Amendment claim. Accordingly, Terry's Fourth Amendment claim is not cognizable on habeas review under the doctrine of *Stone v. Powell*. The Court therefore **ADOPTS** the Magistrate Judge's Report & Recommendation and **DENIES** Terry's habeas petition.

Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R.App. P. 22(b).

IT IS SO ORDERED.

Dated: February 2, 2011            *s/ James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE